UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER TANNER,<br><br>                      Plaintiff,<br><br>-against-<br><br>MTA LONG ISLAND RAILROAD/DBA METROPOLITAN TRANSPORTATION AUTHORITY; LISA MARTINEZ; WILLIE JENKINS; KEVIN McCAFFREY; KATHLEEN MEILICK,<br><br>                      Defendants. | 1:22-CV-9831 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

       By order dated January 17, 2023, the Court dismissed this action, but granted Plaintiff, who appears *pro se* and is proceeding *in forma pauperis* ("IFP"), 30 days' leave to replead his claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1983. (ECF 7.) On January 23, 2023, Plaintiff filed what appears to be his amended complaint in response to the Court's January 17, 2023, order. (ECF 8). In his amended complaint, Plaintiff sues: (1) "MTA Long Island Railroad/DBA Metropolitan Transportation Authority" ("LIRR"); (2) Lisa Martinez, an LIRR human resources business manager; (3) Willie Jenkins, an LIRR human resources business director; (4) Kevin McCaffrey, an LIRR "General Attorney" and "employee relations advisor," who allegedly litigated Plaintiff's associated state court action; and (5) Kathleen Meilick, a former LIRR senior director of human resources and a current LIRR senior vice president of administration. (*Id.* at 1-2.) He asserts claims under Title VII and Section 1983, as well as claims under state law. Plaintiff's claims arose from the alleged harassment he experienced in his former LIRR workplace, which, he asserts, ultimately culminated in the termination of his LIRR employment on or about May 22, 2015.

Plaintiff seeks "to carry over" what he believes is his pending state court appeal in the New York Supreme Court, Appellate Division, First Department ("Appellate Division") to this court "to allow the supremacy of . . . [this] court to determine issues based on federal codes, statutes and general provisions of New York [S]tate and federal law." (*Id.* at 1.) He asserts that, when he moved the Appellate Division "to dismiss [the defendants'] Motion for Summary [J]udgment presented [in the New York Supreme Court, New York County ("New York Supreme Court")], the . . . [Appellate Division] denied [him] due process in [his] effort to correct errors, omissions and negligence of [his] retained counsel [that took place] during proceedings" in the New York Supreme Court. (*Id.*) Plaintiff "wishes to carry-over [this] case and seek[s] redress from this court." (*Id.*)

In addition, Plaintiff asks this Court to order Defendant McCaffrey to "send [the state court action] to outside counsel." (*Id.*) Moreover, Plaintiff seeks reinstatement, damages, backpay, "credit and vesting in [the] MTA Pension Plan," "[a]ll [his] time off banks maxed out upon reinstatement," and "[e]xpungement of negative, derogatory, fabricated notices, letters and/or other instruments used to perpetuate [his] unjustified termination from [his] personnel file." (*Id.* at 10-11.)

For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). The Court may further dismiss untimely *pro se* claims *sua sponte*, so

long as the Court grants the *pro se* litigant notice and an opportunity to be heard. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Leave to amend need not be granted, however, if amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim. . . ." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## PROCEDURAL BACKGROUND

In its January 17, 2023, order, the Court understood Plaintiff's original complaint as, in part, challenging the New York Supreme Court's previous grant of the defendants' motion for summary judgment in Plaintiff's associated state court labor and employment action, as well as the Appellate Division's November 15, 2022, dismissal of the appeal of that New York Supreme Court decision. (ECF 7, at 6-7.) Noting that Plaintiff had filed his original complaint in this court on November 17, 2022, two days after the Appellate Division had dismissed his appeal, on November 15, 2022, this Court dismissed "any claims for relief in this action that challenge the New York Supreme Court's grant of the defendants' motion for summary judgment in Plaintiff's state court action and the Appellate Division's decision to dismiss his associated appeal" under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. (*Id.* at 7.)

The Court also dismissed Plaintiff's claims under 42 U.S.C. § 1981 for failure to state a claim on which relief may be granted. (*Id.* at 7-8.) The Court further dismissed Plaintiff's claims under Title VII and Section 1983 for the same reasons. (*Id.* at 8-11.) The Court, however, granted Plaintiff leave to replead his claims under Title VII to name the proper defendant for such claims (his former employer) and to allege facts sufficient to state a claim of employment discrimination under that statute against that defendant. (*Id.* at 8-9.) The Court also granted him leave to replead his claims under Section 1983 to allege facts showing why such claims are timely or why the applicable limitations period should be equitably tolled. (*Id.* at 9-11.)

Plaintiff's amended complaint largely repeats the allegations made in the original complaint, so there is no need to summarize the facts alleged in it, as they are summarized in the Court's January 17, 2023, order. Plaintiff mistakenly asserts in his amended complaint, however,

4

that his appeal is still pending in the Appellate Division. As stated above, the Appellate Division dismissed his appeal in that court on November 15, 2022, two days before he filed his original complaint commencing this action in this court, on November 17, 2022.

## DISCUSSION

**A.      The *Rooker-Feldman* doctrine**

In his amended complaint, as in his original complaint, Plaintiff appears to challenge the final judgments of the New York Supreme Court and of the Appellate Division with respect to his associated state court labor and employment action. Thus, for the reasons articulated in the Court's January 17, 2023, order (ECF 7, at 6-7), the Court dismisses any claims for relief in this action that challenge the New York Supreme Court's grant of the defendants' motion for summary judgment in Plaintiff's state court action and the Appellate Division's decision to dismiss his associated appeal – which include any requests by Plaintiff, in his amended complaint, to "carry over" his state court action to this court – under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction,[1] *see* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

**B.      Claims under Title VII**

In its January 17, 2023, order, the Court dismissed Plaintiff's claims under Title VII against Defendant McCaffrey, an individual, for failure to state a claim on which relief may be granted because Title VII does not provide for claims against individual employees. (ECF 7, at 8) (citing *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012)). In his amended complaint, Plaintiff appears to again assert claims under Title VII against McCaffrey, as well as against the

---

[1] To the extent that Plaintiff is attempting to remove his state court action to this court, the attempt must fail because removal could only have been initiated by a *defendant* in that action, and only while the action was pending. *See* 28 U.S.C. §§ 1441(a), 1446(a).

5

other named individual defendants. For the reasons stated in the Court's January 17, 2023, order, the Court dismisses those claims against all of the individual defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lore*, 670 F.3d at 169.

The Court, in its January 17, 2023, order, also granted Plaintiff leave to replead his claims under Title VII to name the proper defendant (his former employer) and allege facts sufficient to state a claim of employment discrimination under that statute against that defendant. (ECF 7, at 9.) In his amended complaint, Plaintiff has named his former employer, the LIRR, as a defendant. To the extent that he asserts claims under Title VII against the LIRR, however, he does not allege any facts sufficient to state a claim of employment discrimination: he does not allege any facts showing that one of his characteristics that is protected by Title VII (race, color, sex, religion, or national origin) was a motivating factor in any adverse employment action taken against him by the LIRR. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85-86 (2d Cir. 2015) (pleading standard for claims of employment discrimination under Title VII); (*see* ECF 7, at 8-9) (citing *Vega*, 801 F.3d at 85-86). Thus, to the extent that Plaintiff asserts claims of employment discrimination under Title VII against the LIRR, arising from any harassment that he allegedly experienced in his former LIRR workplace, which ultimately culminated in the termination of his LIRR employment on or about May 22, 2015, the Court also dismisses those claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

C.  **Claims under 42 U.S.C. § 1983**

The Court understood, in its January 17, 2023, order, that, in his original complaint, Plaintiff was asserting, in part, claims under 42 U.S.C. § 1983, including claims of false arrest or false imprisonment, arising from the harassment he allegedly experienced at his former LIRR workplace that culminated in the termination of his employment on or about May 22, 2015, and in his being detained and escorted out of an LIRR office building by police on that date. (ECF 7,

at 9-10.) The Court dismissed those claims for failure to state a claim on which relief may be granted, as untimely, because the applicable 3-year limitations period for such claims appears to have expired on or about May 22, 2018, and because Plaintiff did not file his original complaint in this court until November 17, 2022. (*Id.*) The Court, however, granted Plaintiff leave to replead his claims under Section 1983 to allege facts showing why those claims are timely or why the applicable limitations period should be equitably tolled. (*Id.* at 10-11.)

Plaintiff has alleged no facts in his amended complaint showing why his claims under Section 1983, which arise from the same allegations he made in his original complaint, are timely or why the applicable limitations period should be equitably tolled. Accordingly, the Court dismisses Plaintiff's claims under Section 1983 arising from those allegations for failure to state a claim on which relief may be granted, as untimely. *See* §1915(e)(2)(B)(ii).

**D.     Claims under state law**

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may also be attempting to assert in his amended complaint. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**CONCLUSION**

The Court dismisses this action. The Court dismisses Plaintiff's claims under federal law for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, any claims that Plaintiff asserts under state law. *See* 28 U.S.C. § 1367(c)(3). The Court denies Plaintiff's pending application for the Court to request *pro bono* counsel as moot. (ECF 5.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   February 23, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge