UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER TANNER, <br><br>                        Plaintiff, <br><br> -against- <br><br> MTA LONG ISLAND RAILROAD/DBA METROPOLITATN TRANSPORTATION AUTHORITY, et al., <br><br>                        Defendants. | 1:22-CV-9831 (LTS) <br><br> ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order and judgment issued February 23, 2023, and entered one day later, on February 24, 2023, the Court dismissed this *pro se* action. (ECF 9 & 10.) The Court dismissed Plaintiff's claims under federal law for lack of subject matter jurisdiction, under the *Rooker-Feldman* doctrine, and for failure to state a claim on which relief may be granted, and the Court declined to consider, under its supplemental jurisdiction, any claims that Plaintiff asserted under state law. (ECF 9.)

On March 17, 2023, Plaintiff filed a letter in which he claims that the Court's February 23, 2023, order, "was sent [to him] without the referenced appeal package attached."[1] (ECF 11.) In that same letter, Plaintiff asks the Court "to vacate the dismissal" of this action; he "challenge[s] the decision to dismiss based on lack of subject matter jurisdiction," and asks the

---

[1] The Court notes that neither the Court's February 23, 2023, order, nor its February 23, 2023, judgment referenced an appeal package, but that the judgment had attached to it information and forms as to how to appeal. (ECF 9 & 10.) The Court also notes that on November 17, 2022, along with his original complaint, Plaintiff filed a consent to electronic service of court documents in which he consented to such service of court documents for this action, and agreed that he would "no longer receive paper copies of case filings, including motions, decisions, orders and other documents" for this action, and that he would "regularly review the docket sheet of [his] case so that [he] do[es] not miss a filing." (ECF 3.)

Court "to . . . issue the Summons and Complaint to" Defendant Metropolitan Transportation Authority. (*Id.*)

The Court liberally construes Plaintiff's letter as a motion to alter or amend the Court's February 23, 2023, judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), and as a motion for relief from the Court's final February 23, 2023, order and judgment, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms. . . . [including liberal construction of papers,] relaxation of the limitations on the amendment of pleadings, [leniency in the enforcement of other procedural rules, and] "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him.") (citations omitted). After reviewing Plaintiff's arguments, the Court denies Plaintiff's motions.

## DISCUSSION

**A.     Rule 59(e) relief**

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009) (noting that the standards for motions under Rule 59(e) and for motions for reconsideration under Local Civil Rule 6.3 are the same). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (Such a motion "is not an invitation to parties to treat the court's

initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation mark and citations omitted).

A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e)

Plaintiff filed his letter on March 17, 2023, 21 days after the Clerk of Court entered judgment on February 24, 2023, dismissing this action. Thus, Plaintiff's letter, to the extent that the Court construes it as a Rule 59(e) motion, is timely. Plaintiff does not demonstrate, however, that the Court has overlooked any controlling decisions or factual matters with respect to its dismissal of this action.[2] The Court therefore denies Plaintiff's Rule 59(e) motion.

**B.      Rule 60(b) relief**

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

---

[2] In a January 17, 2023, order, the Court dismissed this action, but granted Plaintiff leave to replead his claims under Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. § 1983. (ECF 7.) In that order, the Court dismissed Plaintiff's claims for relief that challenged the New York Supreme Court's grant of the defendants' motion for summary judgment in Plaintiff's state court action and the Appellate Division's decision to dismiss his associated appeal under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. (*Id.* at 7.) On January 23, 2023, Plaintiff filed an amended complaint in response to that order. (ECF 8.) In the Court's February 23, 2023, order dismissing this action without leave to replead, the Court dismissed, for the reasons articulated in the Court's January 17, 2023, order, Plaintiff's claims for relief that challenged the New York Supreme Court's grant of the defendants' motion for summary judgment in Plaintiff's state court action and the Appellate Division's decision to dismiss his associated appeal under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. (ECF 9, at 5.) Having already addressed this particular issue twice, the Court will not address it again.

>discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be filed "within a reasonable time," and a motion filed under Rule 60(b)(1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff's Rule 60(b) motion, to the extent he seeks relief under Rule 60(b)(1), (2), or (3), is timely. The Court has considered Plaintiff's arguments, but even under a liberal interpretation of his Rule 60(b) motion, Plaintiff has not demonstrated that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff's Rule 60(b) motion, to the extent that he seeks relief under Rule 60(b)(1) through (5).

In addition, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court also denies the motion. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985) (internal quotation marks omitted)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation period applicable to motions under Rule 60(b)(1), (2), or (3) by invoking the residual clause of Rule 60(b)(6). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted).

Plaintiff does not demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). He merely disagrees with the reasons why the Court dismissed this action.

## CONCLUSION

The Court construes Plaintiff's letter (ECF 11) as a motion to alter or amend the Court's February 23, 2023, judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure, and as a motion for relief from the Court's final February 23, 2023, order and judgment, brought under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies these motions.

This action is closed. The Court directs the Clerk of Court to accept for filing in this action only those documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents in this action that are frivolous or meritless, the Court will direct him to show cause why the Court should not bar him from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 10, 2023
         New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge