UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER TANNER,

                Plaintiff,

-against-                        1:22-CV-9831 (LTS)

MTA LONG ISLAND RAILROAD/DBA      ORDER
METROPOLITATN TRANPORTATION
AUTHORITY, et al.,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        By order and judgment dated February 23, 2023, and entered one day later, on February 24, 2023, the Court dismissed this *pro se* action. (ECF 9 & 10.) The Court dismissed Plaintiff's claims under federal law for lack of subject matter jurisdiction, under the *Rooker-Feldman* doctrine, and for failure to state a claim on which relief may be granted, and the Court declined to consider, under its supplemental jurisdiction, any claims that Plaintiff asserted under state law. (ECF 9.) On March 17, 2023, Plaintiff filed a letter that the Court construed as a motion to alter or amend the Court's February 23, 2023, judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e) motion"), and as a motion for relief from the Court's final February 23, 2023, order and judgment, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b) motion"). (ECF 12.) By order dated April 10, 2023, and entered one day later, the Court denied those motions. (*Id.*)

        On April 12, 2023, Plaintiff filed a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"). (ECF 13.) On that same date, Plaintiff filed a notice of appeal, a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, and an application to appeal IFP. (ECF 14; ECF 14-1.)

For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary, and denies his motion for leave to proceed IFP on appeal and his application to appeal IFP as moot.

## DISCUSSION

**A.     Rule 4(a)(5) motion**

A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. Civ. P. 4(a)(1)(A) ("Rule 4(a)(1)(A)"). Under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure ("Rule 4(a)(4)(A)"), however, if a party files, among other types of motions, a timely Rule 59(e) motion, or a Rule 60(b) motion within 28 days of the entry of the relevant judgment, the time to file a notice of appeal runs from the entry of the order disposing that motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi).

In its April 10, 2023, order, the Court construed Plaintiff's letter, which Plaintiff filed on March 17, 2023, as a timely filed Rule 59(e) motion, and as a Rule 60(b) motion filed within 28 days of the entry of the relevant judgment. (*See* ECF 12, at 3, 4.) In that order, which the Clerk of Court entered the next day, on April 11, 2023, the Court also denied those motions. (*Id.* at 5.) Thus, under Rule 4(a)(1)(A) and Rule 4(a)(4)(A), Plaintiff has 30 days from April 11, 2023, or until May 11, 2023, to file a timely notice of appeal. Because Plaintiff filed his notice of appeal on April 12, 2023, his notice of appeal is timely. Accordingly, the Court denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal as unnecessary.

**B.     IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its February 23, 2023, order and judgment, the Court certified under Section 1915(a)(3) "that any appeal from [that] order [and

judgment] would not be taken in good faith" (ECF 9, at 8; ECF 10), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's February 23, 2023, order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and his application to appeal IFP as moot.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 13), as unnecessary because his notice of appeal (ECF 14) is timely. The Court also denies Plaintiff's motion for leave to proceed IFP on appeal and his application for leave to appeal IFP (*id.*) as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 13, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge